UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY ELLIS,

    Plaintiff,

v.                                                 Case No.:  8:22-cv-2508

HILLSBOROUGH COUNTY
SHERIFF'S OFFICE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JEREMY ELLIS, hereby sues Defendant, HILLSBOROUGH COUNTY SHERIFF'S OFFICE ("Defendant") and alleges:

## JURISIDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §§2000e et seq.

2. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

3. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within the Middle District of Florida.

## CONDITIONS PRECEDENT

4. Plaintiff has satisfied all conditions precedent to the filing of this action in that he dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on December 21, 2021 (Charge No. 511-2022-00331) and another on July 27, 2022 (Charge No. 511-2022-01757). A Determination and Notice of Rights was issued by the EEOC as to Charge 511-2022-00331 on February 7, 2022 and Charge 511-2022-01757 on August 5, 2022.

## THE PARTIES

5. Plaintiff, JEREMY ELLIS is a resident of Florida. At all times relevant herein, he worked in Florida for Defendant. He is a member of a protected class based on his religion, his disability, and because he engaged in protected activity by reporting discrimination.

6. At all times pertinent hereto, Defendant has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an employer as this term is used under the applicable laws.

## STATEMENT OF THE ULTIMATE FACTS

7. Mr. Ellis was hired by Defendant on or about October 1, 2007 to work as a Community Service Officer; he went on to become a Detention Deputy in November 2010.

8. Mr. Ellis has had intermittent Family Medical Leave Act ("FMLA") approval through Defendant since 2016 related to a disability, but he did not always utilize the leave when needed due to derogatory comments his supervisor would make about his taking leave.

9. In or around 2020, Mr. Ellis converted to the Sunni sect of the Islam faith.

10. On November 16, 2020, Mr. Ellis sent a memo to Sheriff Chad Chronister suggesting that Defendant's policy, GEN 117.00, be revised so that it complied with the Crown Act with respect to hair texture and style.

11. Also on November 16, 2020, Mr. Ellis submitted a request to Defendant for an exception to GEN 117.00 so that he could grow a beard, as is required by his religion. In his request, he noted that GEN 117.00 allows for medical exceptions, but does not address religious exceptions.

12. On December 9, 2020, Defendant approved Mr. Ellis's initial request for religious accommodations in order to grow his beard, with a requirement that the accommodation request be re-submitted in 6 months.

13. On March 12, 2021, Mr. Ellis submitted an updated request to Defendant for an exception to GEN 117.00 so that he could grow a beard, as is required by his religion. In his request, Mr. Ellis noted that GEN 117.00 had recently been revised to include religious accommodations.

14. On March 22, 2021, a Facial Hair Religious Accommodations Request form was completed by Shannon Kelley, Personal Health & Wellness Manager, which included details as to the requirement for men of the Sunni sect of Islam to grow a specific type of beard.

15. On March 29, 2021, Chaplain Jim Farr completed an interview of Mr. Ellis relating to Mr. Ellis's requests for facial hair accommodations; Chaplain Farr made no recommendation as to whether the request should be approved or denied.

16. On May 5, 2021, Corporal James Litten recommended that Mr. Ellis's request for a religious accommodation for facial hair be granted, provided his beard conform with GEN 117.00.

17. On May 11, 2021, Mr. Ellis's updated request for religious accommodations in order to grow his beard was approved.

18. Mr. Ellis filed a formal grievance with human resources regarding his belief that he was being discriminated against related to overtime based on his disabling condition and need for FMLA.

19. On November 9, 2021, Mr. Ellis submitted an updated request to Defendant for an exception to GEN 117.00 so that he could grow a beard, as is required by his religion.

20. As had taken place in the past, a Facial Hair Religious Accommodation Request and Chaplain Interview Questions were completed in connection with the

updated request for accommodations. It was noted by the Chaplain that Mr. Ellis was very cordial, and not upset that the interview was past due.

21. Also in November 2021, there was a meeting between Defendant and Mr. Ellis, during which he was suspended from working any overtime for a period of 30 days, in retaliation for his having taken leave pursuant to the FMLA.

22. On December 21, 2021, Mr. Ellis filed a Charge of Discrimination with the EEOC and FCHR alleging that Defendant was discriminating against him based upon his disability, his religion and retaliating against him because of his need for accommodations and complaints about discrimination.

23. On April 6, 2022, during the month of Ramadan, Mr. Ellis reported to work wearing his Kufi, in recognition of his religion.

24. Ramadan is an important religious holiday for the Sunni faith.

25. Mr. Ellis was ordered by his supervisors to remove his Kufi or go home; he chose to go home. The prior year Mr. Ellis had been denied the ability to wear his Kufi as well.

26. When Mr. Ellis reported for his shift on April 11, 2022, he was served with notification of investigation for refusal of a direct order.

27. On May 10, 2022, Mr. Ellis was served with a second investigation and charged with public disparagement and falsification of an official document.

28. On May 13, 2022, Mr. Ellis was interviewed regarding the first investigation, which now included additional charges of failure to follow the standard operating procedures (SOPs), by failing to complete post logs.

29. Mr. Ellis was informed during a June 2, 2022 pre-disciplinary hearing that a five (5) day suspension was in fact the discipline to be applied.

30. Mr. Ellis appealed Defendant's discipline through the proper channels but the decision was nevertheless upheld.

31. On June 8, 2022, Mr. Ellis was interviewed in connection with the second investigation, during which he was informed that once again, additional charges of failure to follow SOPs.

32. During the June 8, 2022 interview, Mr. Ellis was also informed that the allegations of public disparagement and falsification of an official document were directly related to the Charge of Discrimination he had filed with the EEOC on December 21, 2021.

33. On July 6, 2022, Mr. Ellis was informed that the recommendation for discipline related to this second investigation was termination/dismissal.

34. Mr. Ellis attended a disciplinary hearing on July 18, 2022, during which the charges were deemed sustained.

35. The final and official justifications Defendant provided for Mr. Ellis's termination was that he was charged with refusal to follow a direct order and failure

Case 8:22-cv-02508-KKM-CPT   Document 1   Filed 11/03/22   Page 7 of 10 PageID 7

to follow SOPs with respect to the first investigation, and in connection with the second investigation, the charges of public disparagement, falsification of an official document and failure to follow SOPs.

36. Mr. Ellis filed a second charge of discrimination on July 27, 2022 regarding the ongoing religious discrimination and the retaliation he was subjected to for reporting the discrimination and his prior EEOC Charge.

37. On August 16, 2022, Mr. Ellis was terminated by Defendant based in retaliation for his prior and continuing claims of discrimination and because he continued to request religious accommodations.

## COUNT I
## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

38. Paragraphs 1-37 are realleged and incorporated herein by reference.

39. Defendant discriminated against Plaintiff on the basis of his religion with respect to the terms, conditions, and privileges of his employment in violation 42 U.S.C. § 2000e-2(a).

40. Plaintiff is a member of a protected class within the meaning of the applicable law.

41. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of his employment.

42. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, and other non-pecuniary losses, along with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

43. Paragraphs 1-37 are realleged and incorporated herein by reference.

44. Defendant retaliated against Plaintiff because he engaged in protected conduct with respect to terms, conditions, and privileges of his employment in violation 42 U.S.C. § 2000e-5(k).

45. Plaintiff is a member of a protected class within the meaning of the applicable law.

465. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of his employment.

47. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, and other non-pecuniary losses, along with lost back pay and front pay, interest on pay, bonuses and other benefits. These

damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic losses to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 3rd day of November 2022.

Respectfully submitted,

/s/ *Tiffany R. Cruz*
**Tiffany R. Cruz**
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
**Kevin C. Kostelnik**
Florida Bar No.: 0118763
Kevin@tiffanycruzlaw.com
Meredith@tiffanycruzlaw.com
Parker @tiffanycruzlaw.com

**CRUZ LAW FIRM, P.A.**
411 N. Calhoun Street
Tallahassee, FL 32301
850-701-8838

*ATTORNEYS FOR PLAINTIFF*